**C.E. POPE EQUITY TRUST,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America, et al.,**
**Defendants-Appellees.**

**Richard L. STRADLEY, Trustee, etc.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America, et al.,**
**Defendants-Appellees.**

Nos. 86–3552, 86–4116, 86–4122.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1987.

Decided June 2, 1987.

Richard L. Stradley, Hillsboro, Or., for plaintiffs-appellants.

Gary Gray, Washington, D.C., for defendants-appellees.

Before KILKENNY, ANDERSON and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

The C.E. Pope Equity Trust brought a complaint whose signature was as follows:

C.E. POPE EQUITY TRUST

By: AMERICAN CONSTITUTIONAL & CIVIL RIGHTS UNION, Trustee

By: _____

Richard L. Stradley, Trustee

The J.A. Shadwick Business Trust brought a complaint whose signature read as follows:

J.A. SHADWICK BUSINESS TRUST

By: AMERICAN CONSTITUTIONAL & CIVIL RIGHTS UNION, Trustee

By: _____

Richard L. Stradley, Trustee

The district court dismissed the complaint in *C.E. Pope* without prejudice and granted the defendants' motion to strike the complaint in *Shadwick*. The issue in both cases is the same and they have been consolidated for argument and decision here. We affirm the district court.

**ANALYSIS**

■ The decisions of the district court were interlocutory but appealable, falling within the exception for collateral orders which conclusively determine the disputed question; resolve an important issue completely separate from the merits of the action; and are effectively unreviewable on appeal. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *see Kuster v. Block*, 773 F.2d 1048 (9th Cir.1985).

The Judiciary Act of 1789, § 35, 1 Stat. 73, 92 (1789) provided that "in all the courts of the United States, the parties may plead and manage their own causes personally ..." This same language is now found in 28 U.S.C. § 1654 which reads:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

■ The specific question raised by the claim to the right of self-representation is whether one seeking to represent himself *pro se* is a person who by substantive law has the right sought to be enforced. Put differently, is Stradley, in conducting the litigation, the real party in interest? *See Heiskell v. Mozie*, 82 F.2d 861, 863 (D.C. Cir.1936). It is clear that he is not. Stradley appeared, not on his own behalf, but rather as trustee of the American Constitutional and Civil Rights Union, which itself is alleged to be the trustee of the Trusts bringing the complaints. Stradley is two steps removed from the real parties in interest.

■ Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966). He has no authority to appear as an attorney for others than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C.Cir.1953), *cert. denied*, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954). In the instant case, the record shows no matter before the district court presented by, or on behalf of, Richard Stradley. Stradley's status as trustee is fiduciary; his statutory responsibility is the orderly administration of assets. *United States v. Cooke*, 228 F.2d 667, 669 (9th Cir.1955). Here the record does not identify the Trusts' beneficiaries. Because Stradley is not the actual beneficial owner of the claims being asserted by the Trusts (so far as one can tell from the record), he cannot be viewed as a "party" conducting his "*own* case personally" within the meaning

of Section 1654. He may not claim that his status as trustee includes the right to present arguments *pro se* in federal court.

 The Trusts' reliance on ORS § 128.-009 (1984) for the proposition that a trustee may prosecute a suit on behalf of a trust whether he is a qualified attorney or not, is misplaced. Nowhere in the statutory authority to prosecute claims for the protection of trust assets, ORS § 128.009(3)(z), or "to perform, without court authorization, every act which a prudent person would perform for the purposes of the trust including but not limited to the powers specified [in the statute]," ORS § 128.009(1), can be found authority for a nonlawyer to represent a trust. *Marguerite E. Wright Trust v. Department of Revenue*, 297 Or. 533, 685 P.2d 418 (1984) is not to the contrary. There, the Supreme Court of Oregon rejected a nonlawyer trustee's reliance on Chapter 128 and affirmed dismissal, noting that (1) the complaint failed to allege that the trustee was in fact a trustee, and (2) the putative trustee claimed to represent a "business trust" to which the Oregon statute is not applicable in any event. The Oregon court had no occasion to decide, and did not decide, whether a nonlawyer could appear for a trust in the Oregon state courts in other circumstances. In any event, Oregon practice would not control practice in the federal courts.

 The Trusts' reliance on FRCP Rule 17(a) is also misplaced. Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust, without joining persons "for whose benefit the action is brought;" the rule does not warrant the conclusion that a nonlawyer can maintain such a suit *in propria persona*. The reciprocal relation between the bar and the bench permits an exception only for a person acting personally. A federal court rightly expects a lawyer to represent a litigant. By its supervision of the bar and through its reliance on the lawyers before it, the court is enabled to function. Professional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response.

AFFIRMED.