988 F.2d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WRITERS GUILD OF AMERICA, Plaintiff-Appellee,
v.
David DADON, aka Dadon Pictures of London Ltd.; Lydia
Dadon, Defendants-Appellants.
 No. 91-56087.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-91-2916-ER; Edward Rafeedie, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before HUG, SKOPIL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants David Dadon aka Dadon Pictures of London Ltd. ("Dadon Pictures"), David Dadon, and Lydia Dadon (collectively "appellants") appeal from an order confirming an arbitration award and entering judgment jointly and severally against them. The arbitrator issued the award pursuant to a collective bargaining agreement and personal guarantees between the appellants and appellee Writers Guild of America ("Writers Guild"). The appellants claim that they were not bound by the arbitration clause in the collective bargaining agreement. We dismiss Dadon Pictures' and Lydia Dadon's appeals, and affirm the order as to David Dadon.
 
 
 3
 * On January 8, 1989, Dadon Pictures entered into an option agreement with two members of the Writers Guild. As required by the contract, the appellants submitted to the Writers Guild the following documents: (1) a letter of adherence to the 1988-92 Writers Guild Theatrical and Television Basic Agreement ("MBA"); (2) two assumption agreements, signed by David Dadon and Lydia Dadon, which provided that the Dadons would assume the obligations of Dadon Pictures; and (3) a copy of the option agreement. The letter of adherence and the assumption agreements identified the signatory company as "Dadon Pictures of London, Inc." (a nonexistent entity) while the option agreement was signed in the name of "David Dadon aka Dadon Pictures of London Ltd."
 
 
 4
 After the Writers Guild noticed the discrepancy in the signatures, it altered the name on the letter of adherence and assumption agreements to conform to the option agreement. The Guild contends that David Dadon orally approved the modifications.
 
 
 5
 A dispute eventually arose. Pursuant to the arbitration provisions of the MBA, the Writers Guild served two arbitration claims on the appellants. The claims were consolidated for hearing before the arbitrator.
 
 
 6
 The arbitration hearing took place on June 26, 1990. The Dadons presented evidence on the issue of arbitrability and the merits of the dispute. The arbitrator issued its award on October 16, 1989, holding that the appellants were bound by the MBA, including its arbitration clauses, and assessing damages for breach of contract.
 
 
 7
 The Writers Guild filed a petition to confirm the arbitration award in the district court on May 30, 1991. The district court confirmed the arbitration award in its order entered on July 29, 1991. On August 22, 1991, David Dadon filed a notice of appeal, listing the appellants as himself, Lydia Dadon and David Dadon aka Dadon Pictures of London, Ltd.
 
 II
 
 8
 Writers Guild asserts that the appeals of Dadon Pictures and Lydia Dadon must be dismissed because David Dadon alone signed the notice of appeal.
 
 
 9
 As David Dadon is not an attorney, he may represent only himself. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987). As the Supreme Court recently noted in Rowland v. California Men's Advisory Counsel, 113 S.Ct. 716, 721 (1993), artificial entities may appeal in federal court only through licensed counsel. As David Dadon is not licensed counsel, he may not represent Dadon Pictures. Thus, Dadon Pictures' appeal must be dismissed.
 
 
 10
 Nor does David Dadon have the authority to represent Lydia Dadon. We have held that each pro se party must personally sign the notice of appeal. When the party fails to sign, the appeal must be dismissed for lack of jurisdiction. Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986). Thus, the appeal of Lydia Dadon must also be dismissed.
 
 III
 
 11
 Writers Guild contends that Dadon agreed to submit the question of arbitrability to the arbitrator and thus the arbitrator's finding that Dadon had intended to be bound by the MBA is entitled to great deference. Although the district court ultimately decided the issue of arbitrability in Writers Guild's favor, the district court concluded that the question of arbitrability was a question for the court.
 
 
 12
 Ordinarily, whether parties are bound by an agreement to arbitrate is a question for the court. AT & T Technologies v. Communications Workers, 475 U.S. 643, 649 (1986). "The parties may agree, however, to submit even the question of arbitrability to the arbitrator for decision." Ralph Andrews Productions v. Writers Guild of America, West, 938 F.2d 128, 130 (9th Cir.1991). "Consent to grant the arbitrator such authority may be implied from the conduct of the parties in the arbitration setting." Id. "A party may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrator to act." Id.
 
 
 13
 In George Day Construction v. United Brotherhood of Carpenters, 722 F.2d 1471, 1474-75 (9th Cir.1984), we concluded that by its conduct the employer "evinced clearly its intent to allow the arbitrator to decide not only the merits of the dispute but also the question of arbitrability." We reached this conclusion because the employer fully argued the arbitrability issue before the arbitrator and failed to reserve the issue of arbitrability for initial determination in a judicial forum. Instead, the employer submitted the entire case to the arbitrator. Id.
 
 
 14
 Here, we conclude that Dadon consented to have the arbitrator decide the issue of arbitrability. Like the employer in George Day Construction, Dadon presented evidence of arbitrability to the arbitrator. Moreover, the record does not reflect that Dadon reserved the issue for judicial determination. "[B]ecause [Dadon] initially submitted the arbitrability question to the arbitrator, any subsequent judicial review [is] narrowly circumscribed." Id. at 1476.
 
 
 15
 "[W]here the question of arbitrability is decided by the arbitrator, we are not at liberty to substitute our own view in place of the arbitrator's." Id. If the arbitrator's decision represents a plausible interpretation of the contract and the events surrounding its formation, judicial inquiry ceases. Id.
 
 
 16
 The arbitrator found that even though Dadon signed the agreement in the name of Dadon Pictures of London, Inc., Dadon intended either on his own behalf or as the president of Dadon Pictures, Ltd., to become a signatory to the MBA, including its arbitration clauses. We conclude that this is a plausible interpretation of the contract and the events surrounding its formation, and defer to the arbitrator's decision. Thus, we affirm the district court's order confirming the arbitration award.
 
 
 17
 The appeals of Lydia Dadon and Dadon Pictures are DISMISSED. As to David Dadon, the district court's order is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3