999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
Maritza Rodriguez, Plaintiff-counter-defendant,
v.
Russell BATES; Dorothy P. Bates, Defendants,
and
Louis PUGLIANI, Trustee for the Dorrus Trust, Defendant-Appellant.
 No. 91-55567.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 9, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis Pugliani, Trustee for the Dorrus Trust, appeals pro se the district court's order striking Pugliani's answer to the government's first amended complaint. We affirm.
 
 
 3
 In the action below, Pugliani, who is not an attorney, sought to represent the Dorrus Trust in his capacity as trustee. He also sought to represent the two other defendants, Russell and Dorothy Bates. The government moved to strike Pugliani's answer to the government's first amended complaint on the ground Pugliani was not authorized to represent either the Trust or the Bateses. The district court agreed and granted the motion.
 
 
 4
 * The government contends this court lacks jurisdiction over this appeal because the district court's order is not a final, appealable order for purposes of 28 U.S.C. § 1291. The government is correct that the district court's order is not final in the conventional sense because it does not dispose of all the claims of all the parties to the action. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1402 (9th Cir.1988). Nevertheless, the order is appealable under the collateral order doctrine because (1) the order conclusively determines the issue of whether Pugliani can represent the Trust; (2) the issue of whether Pugliani can represent the Trust is completely separate from the merits of the action; and (3) the order is effectively unreviewable on appeal. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987). We therefore proceed to the merits of this appeal.
 
 II
 
 5
 Pugliani contends that as Trustee for the Dorrus Trust he is the real party in interest and may therefore represent the Trust pursuant to Fed.R.Civ.P. 17(a) and 28 U.S.C. § 1654. This contention lacks merit.
 
 
 6
 A non-attorney such as Pugliani may represent himself pro se, but the privilege is personal to him. See C.E. Pope Equity Trust, 818 F.2d at 697. Pugliani may not appear on behalf of others. See id. In C.E. Pope Equity Trust, we held that while Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust without joining the trust beneficiaries, it does not authorize the trustee to proceed pro se. 818 F.2d at 698.[1] In the same case, we held that the trustee was not the beneficial owner of the trust's claims and, therefore, the trustee "[could not] be viewed as a 'party' conducting his 'own case personally' within the meaning of [s]ection 1654." Id. at 697-98 (quoting 28 U.S.C. § 1654).
 
 
 7
 We do not agree with Pugliani that C.E. Pope Equity Trust is distinguishable from this case merely because the trust scheme in that case was different. Moreover, there is no showing that Pugliani is the beneficial owner of the Dorrus Trust's claims. Accordingly, his contentions under Rule 17(a) and section 1654 lack merit. See C.E. Pope Equity Trust, 818 F.2d at 697-98.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The case Pugliani relies on, Navarro Sav. Ass'n v. Lee, 446 U.S. 458 (1980), is not to the contrary. In that case, the Supreme Court recognized that trustees of an express trust could sue in their own names. Id. at 462. The Court did not hold, however, that a trustee could proceed pro se