81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard Lee WHITE; James L. Mitchell, Plaintiffs-Appellants,
v.
Gary TRUE, Major; Robert Casado, Defendants-Appellees.
 No. 94-16572.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Howard Lee White appeals pro se the district court's judgment under Fed.R.Civ.P. 52(c) in favor of Gary True and Robert Casado in White's 42 U.S.C. § 1983 civil rights alleging retaliation for filing a grievance.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 On appeal, White contends that the district court erred by granting defendants' motion for judgment on partial findings under Fed.R.Civ.P. 52(c). This contention lacks merit.
 
 
 4
 We review for clear error the district court's findings of fact. See Sepulveda v. Pacific Maritime Ass'n, 878 F.2d 1137, 1139 (9th Cir), cert. denied, 493 U.S. 1102 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 479 U.S. 564, 573 (1985) (internal quotations omitted). If the district court's conclusion is "plausible in light of the record reviewed in its entirety," then the finding is not clearly erroneous. Id. at 573-74.
 
 
 5
 Based upon our review of the record, we cannot say that the district court clearly erred by finding that White failed to establish the defendants' retaliatory motive in placing White in administrative segregation for filing a grievance following an incident in the culinary. See id.
 
 
 6
 To the extent that White contends that the district court erred by dismissing his Eighth Amendment claim, we reject this contention because White did not claim that the beef liver was nutritionally inadequate. See Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982).
 
 
 7
 Finally, to the extent that White contends that his right to practice his religion was substantially burdened, we reject this contention because White's testimony established that eating beef liver was discretionary according to his religion. See Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1995).
 
 
 8
 Accordingly, we affirm the district court's judgment.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Howard Lee White is the only plaintiff who signed the notice of appeal, and because White is proceeding pro se, he is the only plaintiff properly before this court. See Fed.R.App.P. 3(c); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987)
 
 
 [2]
 To the extent that White's opening brief raises due process issues in connection with his placement in administrative and disciplinary segregation, we do not reach these issues because White waived them before the district court. See Walker v. San Francisco Unified Sch. Dist., 46 F.3d 1449, 1455 (9th Cir.1995)
 To the extent that White contends that the district court abused its discretion by denying his motion for reconsideration, we reject this contention because White failed to show that such relief was warranted. See Backlund v. Barnett, 778 F.2d 1386, 1388 (9th Cir.1985).