HARRIS, Senior District Judge,
dissenting:
I respectfully dissent from the majority’s conclusion that we have jurisdiction over an interlocutory order denying a party leave to represent his child pro se. I agree with the majority that we may not review such an order pursuant to the statutory provisions of 28 U.S.C. § 1291 or 28 U.S.C. § 1292(a) or (b). However, I cannot agree that the collateral order exception confers jurisdiction upon us in this case.
As the majority notes, the collateral order doctrine is a narrow exception to the finality requirement of 28 U.S.C. § 1291. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Supreme Court has emphasized the importance of the final judgment rule and the consequent rarity with which departures from it are appropriate. Flanagan v. United States, 465 U.S. 259, 265, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984) (“The importance of the final judgment rule has led the Court to permit departures from the rule ‘only when observance of it would practically defeat the right to any review at all.’ ” (internal citation omitted)).[1] In order to fit within the strict confines of the collateral order doctrine, a non-final order must “conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.” Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (internal citations omitted). An order denying a party’s motion to proceed pro se on behalf of his child fails to meet the third element of the Coopers & Lybrand test, i.e., that the order be effectively unreviewable on appeal from a final judgment.
In order to satisfy the third prong of the collateral order doctrine, an appellant must demonstrate that “denial of immediate review would render impossible any review whatsoever.” Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 376, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981) (internal citation omitted). This requirement is met where “the legal and practical value of [the asserted right] would be destroyed if it were not vindicated before trial.” Id. at 377,101 S.Ct. at 675 (internal citation omitted). Unless an order “represents] a final rejection of a claim of a fundamental right that cannot effectively be reviewed following judgment on the merits,” the Court has concluded that it does not fall within the small class of cases which meet the third requirement of the collateral order doctrine. Id., at 377, 101 S.Ct. at 675.
*583 Although the Supreme Court has not directly addressed the issue of whether the denial of leave to proceed pro se is immediately appealable, it has consistently rejected such interlocutory appellate jurisdiction in the analogous area of orders which implicate a party’s right to the choice of counsel. The Court has “strictly applied [the collateral order doctrine] test when parties pursued immediate appeal of trial court rulings on motions to disqualify counsel.” Richardson-Merrell, Inc. v. Roller, 472 U.S. 424, 430, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985). See Flanagan, 465 U.S. at 269, 104 S.Ct. at 1057; Firestone, 449 U.S. at 379, 101 S.Ct. at 676.
In Firestone, the Court held that an order denying a motion to disqualify opposing counsel in a civil ease was not subject to interlocutory appeal because it was reviewable upon a final judgment in the underlying litigation. Firestone, 449 U.S. at 379, 101 S.Ct. at 676. The Court noted that if, upon review of the order after final judgment in the case, the order were determined to be erroneous, any prejudice could be remedied by vacating the judgment and ordering a new trial. Id. at 377-78,101 S.Ct. at 675.
In Flanagan, the Court held that an order disqualifying a criminal defendant’s counsel was not immediately appealable under the collateral order doctrine. 465 U.S. at 270, 104 S.Ct. at 1057. The Court stated:
Petitioners correctly concede that post-conviction review of a disqualification order is fully effective to the extent that the asserted right to counsel of one’s choice is like, for example, the Sixth Amendment right to represent oneself. Obtaining reversal for violation of such a right does not require a showing of prejudice to the defense, since the right reflects constitutional protection of the defendant’s free choice independent of concern for the objective fairness of the proceeding.... In sum, as petitioners concede, if estabhshing a violation of their asserted right requires no showing of prejudice to their defense, a pretrial order violating the right does not meet the third condition for coverage by the collateral-order exception: it is not “effectively unreviewable on appeal from a final judgment.” (Id. at 267-68, 104 S.Ct. at 1056 (internal citations omitted).)
Alternatively, the Court noted that if a specific showing of prejudice were required to demonstrate a violation of petitioners’ asserted rights, the challenged order would fail the second prong of the collateral order doctrine test — separability from the merits of the ease. Id. at 268-69, 104 S.Ct. at 1056-57. Accordingly, regardless of whether petitioners were required to demonstrate prejudice in order to show a violation of their asserted right, the order would not satisfy the collateral order doctrine.
Finally, in Richardson-Merrell, the Court held that an order disqualifying counsel in a civil case was not subject to interlocutory appeal under the collateral order doctrine. Richardson-Merrell, 472 U.S. at 440 — 41, 105 S.Ct. at 2766. The Court rejected the lower appellate court’s attempt to distinguish the Flanagan Court’s analysis of the prejudice question on the grounds that the Flanagan decision dealt with a criminal case.[2] Instead, the Court adopted the Flanagan analysis with regard to prejudice: “If a showing of prejudice is a prerequisite to reversal, then the ruling is not ‘completely separate’ from the merits because it cannot be assessed until a final judgment has been entered; on the other hand, if a showing of prejudice is not required, then the ruling can be effectively reviewed on appeal of the final judgment.” *584 Richardson-Merrell, 472 U.S. at 436-37, 105 S.Ct. at 2764 (citing Flanagan, 465 U.S. at 267-69, 104 S.Ct. at 1055-57). Accordingly, the Court held that orders disqualifying counsel in civil cases are not collateral orders subject to interlocutory appeal. In doing so, the Court recognized the financial hardship that such a ruling might impose on a litigant,_ but declined “to ‘transform the limited exception carved out in Cohen into a license for broad disregard of the finality rule imposed by Congress in § 1291.’ ” Id. at 440, 105 S.Ct. at 2766 (internal citation omitted).
Reviewing those Supreme Court precedents, it seems clear that an order denying a party leave to proceed pro se does not fall within the narrow class of rulings which are immediately appealable under the collateral order doctrine.[3] The Supreme Court concluded in both Flanagan and Richardson-Merrell that “if a showing of prejudice is not required, then the ruling can be reviewed on appeal of the final judgment.” Richardson-Merrell, 472 U.S. at 437, 105 S.Ct. at 2764 (citing Flanagan, 465 U.S. at 267-69, 104 S.Ct. at 1055-57). Accordingly, such an order would fail to satisfy the third prong of the Coopers & Lybrand test and, thus, would not be subject to interlocutory appeal. In Flanagan, the Court stated that obtaining reversal for the violation of the Sixth Amendment right to represent oneself “does not require a showing of prejudice to the defense, since the right reflects constitutional protection of the defendant’s free choice independent of concern for the objective fairness of the proceeding.” Flanagan, 465 U.S. at 268, 104 S.Ct. at 1056 (citation omitted). Thus, an order violating the Sixth Amendment right to represent oneself is reviewable upon a final judgment and is not properly subject to interlocutory appeal.
Although the right to proceed pro se in the civil context is statutory, rather than constitutional as is the Sixth Amendment right discussed in Flanagan, the same interests would be harmed by an erroneous order denying a party leave to proceed pro se.[4] As the majority notes, such an order harms what has been characterized as a party’s autonomy and dignity interests. See McKaskle v. Wiggins, 465 U.S. 168, 178, 104 S.Ct. 944, 951, 79 L.Ed.2d 122 (1984) (noting that the Sixth Amendment right to appear pro se in a criminal case “exists to affirm the accused’s individual dignity and autonomy.”) In Flanagan, the Court recognized that the right to proceed pro se encompasses not only a due process concern but an independent autonomy interest as well. Flanagan, 465 U.S. at 267-68, 104 S.Ct. at 1056. The Court concluded, however, only that such an independent interest would exempt a petitioner from a required showing of prejudice in order to obtain reversal. See McKaskle, 465 U.S. at 177, n. 8,104 S.Ct. at 951, n. 8 (noting that a denial of the right to proceed pro se is not amenable to harmless error analysis because “[t]he right is either respected or it is not.”). See also Faretta v. California, 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975) (stating that there is no need to *585 evaluate a pro se party’s mastery of legal procedure because such an assessment is not necessary to determine whether a criminal defendant knowingly exercised his right to proceed pro se). The Court did not conclude that such an independent interest would justify interlocutory appellate jurisdiction on the ground that the interest would otherwise be destroyed. Indeed, the Court stated just the opposite — that where prejudice need not be shown for reversal, the final prong of the Coopers & Lybrand test is not satisfied. Flanagan, 465 U.S. at 267-68, 104 S.Ct. at 1056.
Furthermore, the autonomy interest in proceeding pro se identified by the majority is particularly weak — indeed, if present at all — in this case because, as noted, appellant William Devine is not requesting the right just to represent himself, but is seeking to represent his son pro se. The majority rather uniquely assumes for the purposes of its jurisdictional analysis that Devine has such a right. However, that assumption is inappropriate because the autonomy interest — which the majority asserts makes the challenged order unreviewable upon final appeal and catapults it into the narrow confines of the collateral order exception — clearly depends upon whether appellant Devine has any right to represent his son pro se. A party unquestionably has a right to appear pro se in his own case, but has no right to appear in effect as an attorney on the behalf of someone else. C.E. Pope Equity Trust, 818 F.2d at 697. I agree with the majority’s conclusion in Part III of its opinion that neither the Federal Rules of Civil Procedure nor the IDEA create an exception to this general rule. Accordingly, appellant William Devine simply has no autonomy interest in proceeding pro se on behalf of his son.[5]
The majority next takes the position that the denial of the motion of William Devine to proceed pro se affects an interest separate from the dignity and autonomy interest identified above, namely, an interest in access to the judicial system. The majority equates an order denying leave to proceed pro se with orders denying leave to proceed in forma pauperis and denying intervention as of right — both of which are subject to interlocutory appeal — because each of the three supposedly “closes the courthouse door” to non-prevailing litigants. See Roberts v. United States Dist. Court for the N. Dist. of Cal., 339 U.S. 844, 845, 70 S.Ct. 954, 955, 94 L.Ed. 1326 (1950) (per curiam) (permitting without discussion interlocutory review under the collateral order exception of an order denying a party in forma pauperis status); Brotherhood of R.R. Trainmen, 331 U.S. 519, 524-25, 67 S.Ct. 1387, 1390 (permitting interlocutory appeal of an order denying intervention as of right).[6]
*586 I also find unpersuasive the majority’s assertion that an expansion of the collateral order doctrine is necessary because orders denying leave to proceed pro se “will practically bar indigent litigants from prosecuting their cases.” Op. at 581 (citing the vacated Reshard opinion, 819 F.2d at 1580). The majority takes the position that an indigent litigant’s interest in access to the judicial system necessarily and finally would be destroyed by an order denying leave to proceed pro se. This simply is not so (and here, of course, there has been no determination that Devine is indigent). A trial court may appoint counsel or, where there is existing counsel, require counsel to continue representation of the presumably newly indigent party. Finally, an indigent party may be able to obtain pro bono representation on his own. Accordingly, appellants’ interest in access to the judicial system does not provide a valid basis for the application of the collateral order exception.
In sum, I believe that an order denying the right to proceed pro se does not fall within the collateral order exception because it fails the third prong of the Coopers & Lybrand test, which requires that the order immediately destroy a fundamental right which cannot be rectified upon review of a final judgment. Supreme Court precedent in the analogous area of orders affecting litigants’ autonomy interests in choosing their own counsel dictate that such orders do not satisfy the Coopers & Lybrand test. There is no reason why the same conclusion should not be reached i-egarding the autonomy interest in self-representation which would be affected by the denial of leave to proceed pro se. Moreover, here the petitioning party has no autonomy interest at stake since he does not seek the right to represent himself, but rather a third person, albeit his son. Finally, there is no merit to the argument that the denial of leave to proceed pro se destroys the petitioning party’s interest in access to the judicial system since such an order does not necessarily preclude the acquisition of representation through other means. Accordingly, I conclude that an order denying leave to proceed pro se is reviewable upon review of a final judgment and that the collateral order doctrine does not apply. Hence, I respectfully dissent, believing that we should dismiss this case for lack of jurisdiction.[7]

. In Flanagan, the Supreme Court stated:
The final judgment rule serves several important interests. It helps preserve the respect due trial judges by minimizing appellate-court interference with the numerous decisions they must make in the pre-judgment stages of litigation. It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals. It is crucial to the efficient administration of justice. (Id. at 263-64, 104 S.Ct. at 1054.)

. The Court of Appeals had taken the position that Flanagan strictly applied the final judgment rule and very narrowly applied the collateral order exception because of the criminal nature of the case. Concluding that the Flanagan Court’s focus in denying interlocutory appellate jurisdiction had been on the potential for delay inherent in the grant of an inlerlocutoiy appeal, the lower court noted that delay is a much more severe problem in the criminal context than in the civil context. Rejecting this attempt to distinguish Flanagan, the Richardson-Merrell Court stated that "[ajllhough delay is anathema in criminal cases, it is also undesirable in civil disputes, as the Court of Appeals itself recognized. One purpose of the final judgment rule embodied in § 1291 is to avoid the delay that inherently accompanies time-consuming interlocutory appeals." 472 U.S. at 433-34, 105 S.Ct. at 2762. It is apparent that the same risk of delay about which the Richardson-Merrell Court was concerned in the disqualification of counsel context is present here as well.

. The majority cites three circuit cases in support of its conclusion that an order of the type at issue is immediately appealable. Reshard v. Britt, 819 F.2d 1573, 1580-81 (11th Cir.1987), vacated, 831 F.2d 222 (11th Cir.1987) (en banc); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987); O'Reilly v. The New York Times Co., 692 F.2d 863, 866-67 (2d Cir.1982). However, none is persuasive.
Reshard, on which the majority essentially bases its analysis, was vacated by the en banc court and therefore is not binding. C.E. Pope Equity Trust simply concludes without discussion that an order denying a petitioner the right to proceed pro se fits within the collateral order doctrine and is immediately appealable. Id. at 697. Primarily, O’Reilly based its holding of immediate appealability on the difficulty which an appellant would have in demonstrating that prejudice resulted from an erroneous order upon review of a final judgment. O'Reilly, 692 F.2d at 866-67. However, Richardson-Merrell, which was decided after O'Reilly, makes it clear that if a petitioner must demonstrate prejudice in order to obtain reversal of an order violating an asserted right, then the order at issue violates the separability prong of the Coopers & Lybrand test and if prejudice is not a prerequisite to obtaining reversal, then the unreviewabilily prong of the test is not satisfied. Richardson-Merrell, 472 U.S. at 436-37, 105 S.Ct. at 2764 — 65. Indeed, the Reshard panel (again, whose opinion was vacated) acknowledged that much of O’Reilly's reasoning had been undercut by Richardson-Merrell. Reshard, 819 F.2d at 1579.

. It should be borne in mind that there is more than a little artificiality here, in that the crux of this case is Devine's desire to dismiss retained counsel and represent his own son.

. I recognize that this is somewhat of a contradiction of terms, but that is how it is dealt with by the majority.

. The persuasive nature of these cases in the pro se context is severely limited. First, both opinions were written long before the currently controlling three-prong lest was established by Coopers & Lybrand. Brotherhood of R.R. Trainmen was decided prior to Cohen, which formally established the collateral order exception, and Roberts was decided only a year after Cohen. It also should be noted that the district court in Brotherhood of R.R. Trainmen “allowed an appeal ... from its order denying intervention,” an action which suggests a somewhat different basis of appellate authority than that which would later become the collateral order doctrine. Brotherhood of R.R. Trainmen, 331 U.S. at 523-24, 67 S.Ct. at 1389. Additionally, although the Court determined that it had jurisdiction because the denial of intervention as of right was sufficiently final to permit appeal, the Court did not explicitly apply the principles which later would be established in Cohen. Id., at 523-25, 67 S.Ct. at 1389-90. For instance, there is no discussion of a separability requirement as there is in Cohen. Furthermore, the Roberts Court simply asserts without discussion that orders denying in forma pauperis status are immediately appealable under the collateral order exception. Roberts, 339 U.S. at 845, 70 S.Ct. at 954. Neither of these opinions, which were written in the embryonic stage of the collateral order doctrine, provides clear guidance as to the application of the doctrine.
In contrast, the Supreme Court precedent relied on in this dissent details its application of the Coopers & Lybrand test. These later opinions emphasize the importance of the final judgment rule and the consequent narrowness of the collateral order doctrine. The same concerns regarding judicial economy, the independence of the trial court, and delay which compelled the Court to reject the expansion of the collateral order doctrine to include interlocutory appeal of disqualification orders assuredly are relevant in the pro se context.

. Assuming arguendo that the majority is correct in its jurisdictional analysis, I would concur in Part III of the majority opinion, affirming the trial court’s order.