John SUTTON; et al., Plaintiffs—
Appellants,

v.

Kathleen LLEWELLYN, individually and dba doing business as Hawley and Llewellyn, LLC; et al., Defendants–Appellees.

No. 07–15172.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 5, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Sutton, Atlanta Beach, NY, pro se.

Gail Sutton, Atlanta Beach, NY, pro se.

Danielle Sutton, Atlanta Beach, NY, pro se.

James A. Murphy, Esq., Murphy, Pearson, Bradley & Feeney, James M. Wagstaffe, Esq., Kerr & Wagstaffe, AGCA–Office of the California Attorney General, San Francisco, CA, Jeffrey J. Whitelaw, Esq., Dummit Faber and Briegles, Sacramento, CA, for Defendants–Appellees.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

John, Gail and Danielle Sutton appeal pro se from the district court's judgment dismissing their 42 U.S.C. § 1983 action alleging injuries arising from conservatorship proceedings. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Porter v. Jones*, 319 F.3d 483, 489, 494 (9th Cir.2003) (standing and failure to state a claim), *Harvey v. Waldron*, 210 F.3d 1008, 1011 (9th Cir.2000) (judicial immunity), *Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d 1122, 1127 (9th Cir.2006) (statute of limitations), we affirm.

The district court properly determined that appellants, as non-lawyers, lacked standing to prosecute the action on behalf of the estate of Letitia Breng Rose, the conservatee. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987) (explaining that a non-attorney "may appear in propria persona in his own behalf" but "has no authority to appear as an attorney for others").

The district court properly dismissed the section 1983 claims because defendant Galdos, the court clerk of the Monterey County Superior Court, has "absolute quasi-judicial immunity from damages for civil rights violations" when performing "tasks that are an integral part of the judicial process," *Mullis v. U.S. Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir.1987), and defendant Nicora, a private attorney, did not act under color of state law, even though he was appointed by the court to represent the conservatee, *see Polk County v. Dodson*, 454 U.S. 312, 318 n. 7, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (noting that a private attorney, even one appointed by the court, does not act under the color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional role of an attorney).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly dismissed the breach of fiduciary duty and legal malpractice claims because the claims were time-barred as to defendant Llewellyn, and, contrary to appellants' contentions, there was no basis for tolling the statute of limitations. *See* Cal.Civ.Proc. Code § 340.6 (setting forth applicable statute of limitations). Further, appellants, who were not involved in the conservatorship proceedings, failed to allege facts showing that Nicora owed them a fiduciary or legal duty. *See First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler,* 210 F.3d 983, 986 (9th Cir.2000) (explaining that owing a duty is an element of a breach of fiduciary duty or legal malpractice claim).

Appellants' remaining contentions are unpersuasive.

**AFFIRMED.**