**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MITCHELL, | No. 10-35081 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05504-RBL |
| v. | |
| ROBERT W. POWERS, Ph.D.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted January 10, 2011[**]

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Washington state prisoner Robert Mitchell appeals pro se from the district

court's judgment dismissing his civil rights action under 28 U.S.C. § 1915(e)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a judgment of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005), and for abuse of discretion the denial of leave to amend, *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). We affirm.

After giving Mitchell specific notice of the deficiencies in his original complaint and leave to amend, the district court properly dismissed Mitchell's action because the amended complaint contained the same deficiencies as the original complaint as well as new deficiencies, including putative class action allegations. *See Chodos,* 292 F.3d at 1003 (no abuse of discretion to dismiss action after plaintiff failed to cure deficiencies of which court had notified him); *see also Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (en banc) (circumstances under which abstention under *Younger v. Harris*, 401 U.S. 37 (1971), is appropriate); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (pro se litigant may not appear as an attorney for others); *Arnold v. Int'l Bus. Machs.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (to bring section 1983 claim, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's constitutional rights).

Mitchell's remaining contentions are without merit.

**AFFIRMED.**