
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: KERMIT DOUGLAS BROOMS, | No. 11-60015 |
| Debtor, | BAP No. 10-1117 |
| BRIAN M. CARTER, DBA Discovery Judgment Recovery, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| KERMIT DOUGLAS BROOMS, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Saltzman, and Hollowell, Bankruptcy Judges, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Brian M. Carter appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's judgment ordering that a prepetition debt arising from a state court judgment owed by Chapter 7 debtor Kermit Douglas Brooms was discharged due to Carter's willful failure to comply with two bankruptcy court orders. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion in entering judgment against Carter based on his willful failure to comply with court orders, after giving Carter several opportunities to comply and warning him multiple times that his failure to comply may result in judgment being entered against him. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 130-33 (9th Cir. 1987) (discussing dismissal for failure to comply with court orders, and setting forth five factors court must weigh to determine whether dismissal sanction is appropriate). Contrary to Carter's contention, the bankruptcy court's orders requesting information regarding the terms of the assignment were not unreasonable. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that

privilege is personal to him. He has no authority to appear as an attorney for others than himself." (citation omitted)).

Carter's reliance on *Sprint Communications Co., L.P. v. APCC Services., Inc.*, 554 U.S. 269 (2008), is misplaced because that case addressed whether an assignee has standing, not whether a pro se litigant could appear on behalf of someone else's interest. *See, e.g.*, *id.* at 271.

We deny Brooms's request for attorney's fees, costs, and sanctions on appeal, set forth in the answering brief, as procedurally improper.

**AFFIRMED.**