NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ROBERT W. HUNT, M.D., a Medical Corporation,<br><br>    Debtor.<br>_____<br><br>PELI POPOVICH HUNT, Agent for Robert W. Hunt M.D. Medical Corporation & Trustee of 2007 Restated Robert & Peli Hunt Living Trust,<br><br>    Appellant,<br><br> v.<br><br>DAVID M. GOODRICH, Chapter 7 Trustee; UNITED STATES TRUSTEE, Los Angeles,<br><br>    Appellees. | No. 14-60029<br><br>BAP No. 13-1148<br><br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Pappas, and Taylor, Bankruptcy Judges, Presiding

Submitted June 26, 2017[**]

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Peli Popovich Hunt appeals pro se from a judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order denying the corporate debtor's claimed exemptions. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo decisions of the BAP and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Americredit Fin. Servs., Inc. v. Penrod (In re Penrod)*, 611 F.3d 1158, 1160 (9th Cir. 2010).

To the extent Hunt is challenging the bankruptcy court's order as the representative of a trust or the corporate debtor, the appeal is dismissed because Hunt, as a non-attorney, "has no authority to appear as an attorney for others than [her]self." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987).

To the extent Hunt is challenging the bankruptcy court's order directly as an individual, the appeal is dismissed because Hunt is not a "person aggrieved" by the bankruptcy court's order and, therefore, lacks standing to prosecute the appeal. *See Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774, 777 (9th Cir. 1999).

**DISMISSED.**

14-60029