NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AZARIAH M. ELLINGTON; MITCHELL D. ELLINGTON,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>MARY THORNTON HOUSE; et al.,<br><br>Defendants-Appellees. | No. 17-56865<br><br>D.C. No. 2:17-cv-07587-SVW-JDE<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Azariah M. Ellington appeals pro se from the district court's order denying

his motion for a preliminary injunction in his civil rights action against a state

court judge and other parties involved in probate proceedings. We have

jurisdiction under 28 U.S.C. § 1292(a). We review for an abuse of discretion.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 834 F.3d 958, 962 (9th Cir. 2016). We affirm.

The district court did not abuse its discretion by denying Ellington's motion for a preliminary injunction because Ellington failed to establish a likelihood of success on the merits or a likelihood of irreparable harm in the absence of injunctive relief. *See Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

We lack jurisdiction to review the district court's interlocutory order denying Ellington's motion for declaratory relief. *See* 28 U.S.C. § 1291 (generally, court has jurisdiction to review only final decision of the district court).

We lack jurisdiction to consider arguments made on behalf of Mitchell D. Ellington because he did not sign the notice of appeal and Azariah M. Ellington has no authority to represent other parties. *See* Fed. R. App. P. 3(c)(2) (requirements for a notice of appeal); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney has no authority to appear as an attorney for others).

The "urgent" motion (Docket Entry No. 21) is denied.

**AFFIRMED.**