NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD DAVID JONES, Jr., Plaintiff-Appellant, v. ARNOLD SCHWARZENEGGER, Former Governor of the State of CA; et al., Defendants-Appellees. | No. 18-15262 D.C. No. 1:16-cv-00469-DAD-BAM MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 15, 2018**

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

California state prisoner Edward David Jones Jr. appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

Amendment claims arising from his exposure to Valley Fever. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Jones's action because Jones failed to allege facts sufficient to link defendants to any constitutional violation.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

The district court did not abuse its discretion by dismissing Jones's action without providing a third opportunity to amend the complaint because further amendment would be futile.  *See Cervantes v. Countrywide Home Loans*, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

To the extent Jones sought to bring claims on behalf of his deceased mother, as a pro se litigant Jones lacks authority to bring such claims.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

Jones's "motion to augment documents" (Docket Entry No. 4) is denied.

**AFFIRMED.**

18-15262