**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: KIMBERLY BARBOUR, <br><br> Debtor. <br> _____ <br><br> IVAN RENE MOORE, <br><br> Appellant, <br><br> v. <br><br> KIMBERLY BARBOUR; RONALD HILLS, <br><br> Appellees. | No. 17-56914 <br><br> D.C. No. 2:17-cv-02857-SJO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted January 15, 2019[**]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Creditor Ivan Rene Moore appeals pro se from the district court's judgment

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing as moot his appeal from the bankruptcy court's order denying his motion for relief from the automatic stay in Barbour's bankruptcy case. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error factual findings about mootness, and de novo legal conclusions. *Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.)*, 771 F.3d 1211, 1214 (9th Cir. 2014). We affirm.

The district court properly dismissed Moore's appeal as moot because there is no effective relief that can be fashioned where the property at issue has been seized by a third party pursuant to a district court order enforcing a federal judgment. *See Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880 (9th Cir. 2012) (discussing constitutional mootness in the bankruptcy context).

To the extent Moore is challenging the district court's order as a representative of Ronald Hills, the appeal is dismissed because Moore, as a non-attorney, "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Moore's requests for oral argument, set forth in his opening and reply briefs, are denied.

**AFFIRMED.**