**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM J. NORDHOLM, | No. 19-35357 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00011-JCL |
| v. | |
| TIM BARKELL; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding[**]

Submitted August 5, 2020[***]

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Former Montana state prisoner William J. Nordholm appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging due

process violations while he was a pretrial detainee and retaliation while he was a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prisoner. We have jurisdiction under 28 U.S.C. § 1291. We review de novo cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment for defendants on Nordholm's due process claim because Nordholm failed to raise a genuine dispute of material fact as to whether defendants were required to provide him with a pre-deprivation hearing prior to charging him with booking and bonding fees. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (balancing factors to determine whether government has provided sufficient due process).

The district court properly granted summary judgment on Nordholm's conspiracy claim because Nordholm failed to raise a genuine dispute of material fact as to whether defendants conspired to deprive him of his constitutional rights. *See Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (a conspiracy claim requires the existence of an agreement or meeting of the minds to violate constitutional rights).

However, summary judgment was improper on Nordholm's retaliation claim. The record reflects that, following Nordholm's attempt to have a complaint served on defendant Barkell, defendants Barkell, Sather, Durkin, and Staley refused to provide additional grievance forms to Nordholm and refused to process certain grievances he had submitted. Taking this evidence in the light most

19-35357

favorable to Nordholm, a genuine dispute of material fact exists as to whether these defendants retaliated against Nordholm. *See Brodheim v. Cry*, 584 F.3d 1262, 1269-72 (9th Cir. 2009) (setting forth elements of retaliation claim and concluding that a reasonable person "may have been chilled" by a written warning about a prisoner's grievances). We note that the district court expressly stated it did not reach any issues concerning exhaustion. We reverse and remand for further proceedings on this claim as to defendants Barkell, Sather, Durkin, and Staley only.

The district court did not abuse its discretion by denying Nordholm's motion for class certification because, as a pro se litigant, Nordholm has no authority to represent anyone other than himself. *See Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1237 (9th Cir. 2001) (standard of review); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a pro se litigant has no authority to appear as an attorney for others).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

19-35357