NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALMA ROSALES, | No. 20-35668 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00426-DCN |
| v. | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted December 6, 2022
San Francisco, California

Before: LUCERO,[**] BRESS, and VANDYKE, Circuit Judges.

In a suit alleging the wrongful denial of state benefits, Alma Rosales appeals

the district court's denial of her motion to appoint counsel and its dismissal without

prejudice of her complaint against the Idaho Department of Health and Welfare.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Rosales further argues that the district court erred in failing to evaluate her competency under Federal Rule of Civil Procedure 17(c). We have jurisdiction under 28 U.S.C. § 1291 and review the district court's decision for abuse of discretion. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). We affirm.

The district court dismissed Rosales's complaint without prejudice and denied her motion for appointment of counsel because her son, Raul Mendez, had been effectively representing her despite not being a lawyer. In an earlier March 23, 2020 order, the district court cautioned Mendez that it would "not allow Mendez to represent Rosales, nor will it accept any findings made by Mendez on Rosales' behalf." Despite this clear instruction, Mendez continued to file pleadings for Rosales that he admitted "she does not understand," even though she had signed them. In its order dismissing the case without prejudice, the district court noted that it was "deeply troubl[ed]" by the fact that Rosales was apparently "ignorant to how her interests are being represented."

Under the circumstances of this case, we cannot conclude that the district court abused its discretion. We have consistently held that a litigant cannot appear "pro se" on behalf of another person. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (noting that a non-lawyer has "no authority to appear as an attorney for others than himself"). This rule applies even when a non-lawyer

2

seeks to represent a family member who is a minor or incompetent. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997).

Rosales attempts to circumvent this prohibition by arguing that Rule 17(c) requires the district court to conduct a competency hearing whenever it is "on notice" that a litigant is likely incompetent. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986). But Rosales has not demonstrated that the district court was required to ignore Mendez's violation of court rules and a court order, especially when, as here, the record does not sufficiently support Rosales's claim that the district court was "on notice" that she was likely incapacitated or incompetent.

Under the specific circumstances of this case, Rosales has not demonstrated that the district court abused its discretion in dismissing her case without prejudice, which will allow her or her son the further opportunity to seek counsel or pursue other appropriate recourse through state processes. *See Johns*, 114 F.3d at 876–77 (dismissal without prejudice appropriate when complaint had been filed by non-lawyer father on behalf of minor son).

**AFFIRMED.**