133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bradly CUNNINGHAM, Plaintiff-Appellant,
v.
OREGON DEPARTMENT OF CORRECTION; David Cook, Individually
and Director; Al Chandler, individually and
Assistant Director,
 No. 96-35747.
 United States Court of Appeals, Ninth Circuit.
 Submitted December 15, 1997**
Decided Dec. 19, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bradly Cunningham, an Oregon state prisoner, appeals pro se the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his 42 U.S.C. § 1983 action alleging that legal and other services available at three institutions run by the Oregon Department of Corrections (ODOC) are constitutionally deficient. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 To the extent Cunningham is contesting the dismissal of the Oregon Department of Corrections, we agree with the district court that his claims against the ODOC, as an agency of the state of Oregon, are barred by the Eleventh Amendment. See Pennhurst v. Halderman, 465 U.S. 89, 100 (1984) Eleventh Amendment bars suit against State or its agencies regardless of type of relief sought.
 
 
 4
 With regard to defendants Chandler and Cook, Cunningham's claim for denial of the Fourteenth Amendment right of access to courts was properly dismissed based on his failure to allege any "actual injury." See Lewis v. Casey, 116 S.Ct. 2174, 2179 (1996) (to establish the requisite actual injury an inmate "must demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.").[1] Cunningham's remaining claims were properly dismissed on the grounds that Cunningham failed to allege defendants personally participated in or directed the alleged violations. See Taylor v. List, 880 F.2d 104), 1045 (9th Cir.1989).
 
 
 5
 Finally, the district court did not abuse its discretion in denying Cunningham's motions for class certification, see C.E. Pope Equity Trust v. United State, 818 F.2d 696, 697 (pro se litigant has no authority to appear as attorney for others), appointment of a special master, see Yeseta v. Baima, 837 F.2d 380, 287 (9th Cir.1988), or appointment of counsel, see Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). The district court's judgment is therefore
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We agree with the district court that further amendment would be futile; Cunningham's suggested possibilities for amendment do not state a claim against the defendants. See Cato v. United States, 70 F.3d 1103, 1107 (9th Cir.1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987)