**Irma Juventina MENENDEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74564.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Irma Juventina Menendez, Baldwin Park, CA, pro se.

Stacy Stiffel Paddack, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

## MEMORANDUM **

Irma Juventina Menendez,[1] a native and citizen of El Salvador, petitions

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Melvin Ernesto Menendez's claim for asylum is not derivative of his mother's claim, he did not separately petition for review, and as a non-lawyer, Irma cannot represent Melvin. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987). Therefore, the

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order denying her application for asylum, withholding of deportation, and cancellation of removal.[2] Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the denial of asylum and must uphold the agency unless "the evidence [ ] presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny in part and dismiss in part the petition for review.

 Irma Menendez testified that she was beaten by guerillas for refusing to accede to supply requests. Because the record does not compel the conclusion that Irma Menendez was or would be targeted because of her political opinion or any other protected ground, *see Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir. 2005), substantial evidence supports the BIA's denial of asylum and withholding of removal.

 The BIA's denial of humanitarian asylum is also supported by substantial evidence because the isolated incidents Irma Menendez described do not rise to the level of "atrocious forms of persecution." 8 C.F.R. § 1208.13(b)(1)(iii); *see also Kebede v. Ashcroft,* 366 F.3d 808, 812 (9th Cir.2004).

 We lack jurisdiction to review the BIA's discretionary determination that Irma Menendez failed to show the exceptional and extremely unusual hardship required for cancellation of removal, *see*

---

BIA decision regarding Melvin Menendez is not before us.

2. Irma Menendez does not challenge the BIA's denial of her Convention Against Torture claim.

*Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003), and Irma Menendez does not raise a constitutional or legal challenge to the hardship finding, *see* 8 U.S.C. § 1252(a)(2)(D) (court has jurisdiction to review "constitutional claims or questions of law.").

The Clerk shall amend the docket to reflect that the sole petitioner is Irma Juventina Menendez, A073–936–671.

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**