**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BENJAMIN J. ROSCOE; THE
BROOK APARTMENTS, L.L.C.,

      Plaintiffs-Appellants,

 and

GERALDINE M. ROSCOE,

      Plaintiff,

 v.

UNITED STATES OF AMERICA,   *

      Defendant-Appellee.

No. 04-2267
(D.C. No. CIV-03-454-JH/LFG)
(D. N.M.)

**ORDER AND JUDGMENT**   **

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

\*     In light of the district court's substitution of the United States of America as the sole defendant and its amendment of its caption in its judgment, we hereby amend the caption of this appeal to reflect the United States of America as the proper defendant-appellee in this action.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Benjamin J. Roscoe and The Brook Apartments, L.L.C., a New Mexico limited liability company (the LLC), appeal the district court's judgment against them in this action against employees of the Internal Revenue Service (IRS). [1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The magistrate judge summarized the factual and procedural background of this case in his thorough report and recommendation. We need not repeat that background here, except to note that Mr. and Mrs. Roscoe are the only members of the LLC, and that the Roscoes and the LLC sued certain IRS employees in state court for various alleged improprieties arising from the assessment and collection of plaintiffs' tax liabilities. The action was removed to the federal district court,

---

[1] Mr. Roscoe's wife, Geraldine M. Roscoe, was also a party to the district court action, and she signed the appellants' reply brief in this court. The notice of appeal, however, identifies only Mr. Roscoe and the LLC as the appealing parties. "The notice of appeal must . . . specify the party or parties taking the appeal." Fed. R. App. P. 3(c)(1)(A). A notice that explicitly names a party as an appellant, yet fails to name another party as an appellant or otherwise indicate that such party also wishes to appeal, will not preserve such unnamed party's ability to appeal. *See Twenty Mile Joint Venture, PND, Ltd. v. Comm'r*, 200 F.3d 1268, 1274 (10th Cir. 1999). Consequently, Mrs. Roscoe is not an appellant in this action.

which accepted the magistrate judge's recommendations to dismiss the LLC as a plaintiff, to substitute the United States as the sole defendant, and to grant defendant's motion for summary judgment on Mr. and Mrs. Roscoe's claims.

The LLC was dismissed as a plaintiff because it was not represented by counsel in the district court. Similarly, no counsel has entered an appearance for the LLC in this court. As they did in the district court, appellants contend that the LLC can proceed pro se in this appeal. But it cannot. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *Rowland v. Calif. Men's Colony*, *Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (citations omitted). Because no attorney has entered an appearance for the LLC in this appeal, the LLC's appeal is dismissed, and we do not consider appellants' extensive arguments challenging the district court's dismissal of the LLC.

Mr. Roscoe complains that the magistrate judge sanctioned him for filing papers for the LLC after the magistrate judge prohibited the LLC from proceeding without counsel. The inherent powers of the courts include the ability to select appropriate sanctions. *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003). We review the imposition of sanctions for abuse of discretion. *Id.*

First, Mr. Roscoe asserts that he has not filed pleadings on the LLC's behalf, because the LLC acts on its own behalf. An inanimate entity, however, can act only through its agents. *See Commodity Futures Trading Comm'n v. Weintraub* , 471 U.S. 343, 348 (1985). Mr. Roscoe is the manager of the LLC, and thus the LLC acts through him. *See* N.M. Stat. Ann. § 53-19-15 (providing for management of New Mexico limited liability companies); *see also id.* § 53-19-58 (providing that a manager of a limited liability company may bring suit on behalf of the company).

In addition, Mr. Roscoe contends that he was never told that he could not file pleadings on behalf of the LLC. The record contradicts this assertion. On May 23, 2003, the magistrate judge denied plaintiffs' motion to waive application of D.N.M.LR-Civ. 83.7 (requiring corporations to be represented by counsel) and held that Mr. Roscoe could not represent the interests of the LLC. R. Doc. 9. This order makes it clear that, for the LLC, the court would accept only pleadings filed by a licensed attorney. Yet Mr. Roscoe, as the manager of the LLC, caused additional non-counseled papers to be filed for the LLC. *Id.* Doc. 14. The magistrate judge did not abuse his discretion in sanctioning Mr. Roscoe.

Mr. Roscoe also complains that the magistrate judge was not authorized to conduct proceedings in this case prior to the district court's July 30, 2004 order designating the magistrate judge. The district court's docket, however, indicates

that the magistrate judge was assigned to this case upon its removal on April 15, 2003. Further, the matters about which Mr. Roscoe complains fall within those non-dispositive matters that magistrate judges are authorized to handle. *See* 28 U.S.C. § 636(b)(1)(A) (listing matters that can and cannot be referred to a magistrate judge); *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995) (holding that non-dispositive sanctions are within a magistrate judge's powers). The magistrate judge did not exceed his jurisdiction.

The other arguments that Mr. Roscoe raises on appeal[2] were addressed by the magistrate judge in his Findings and Recommended Disposition dated July 30, 2004, and by the district court in its Order Adopting Magistrate Judge's Findings dated September 9, 2004. We affirm those decisions, and the district court's disposition of this case, substantially for the reasons stated in those orders.

The appeal of The Brook Apartments, L.L.C. is DISMISSED. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[2] These arguments are: that the district court did not have subject matter jurisdiction because the complaint presented no federal question; that the district court erred in not granting a default judgment against defendant Gibbs; and that the plaintiffs did not have notice that the court planned to convert defendants' motion for dismissal into a motion for summary judgment.