**Renzer BELL, Plaintiff,**

v.

**SOUTH BAY EUROPEAN CORP.,
South Bay Bmw and Ryan
Ludders, Defendants.**

**No. 06 Civ. 472(PKC) (GWG).**

United States District Court,
S.D. New York.

April 23, 2007.

Renzer Bell, Jacksonville, FL, Pro se.

Michael Patrick Collins, Bond, Schoeneck & King, PLLC, New York City, for Defendants.

*MEMORANDUM AND ORDER*

CASTEL, District Judge.

Renzer Bell, a citizen of Florida, proceeds *pro se* in this diversity action. He alleges that he is actively engaged in the business of purchasing and trading, among other things, high-end luxury automobiles. (Third Amended Complaint, ¶ 3) He is no stranger to litigation in this District. *See* Appendix A hereto.[1]

The instant action was commenced by Mr. Bell on January 23, 2006. In his complaint, he asserted that he had agreed to sell a 2006 Ferrari F430 Spyder to defendants. The contractual documents on which the claim was premised were annexed to the pleading and revealed that "Nevera Bank Trust," and not Renzer Bell, was the "Seller." (Complaint, Exs.P–U) Mr. Bell was identified in the documents as "Trustee" (Complaint, Ex. U) or "Successor Trustee." (Complaint, Exs.P–T)

In an order dated July 6, 2006, I concluded that the claim in the complaint was asserted by Mr. Bell in his individual capacity and that Rule 17(a), Fed.R.Civ.P., required that the action be prosecuted in the name of the real party in interest. While a trustee of an express trust may bring suit in his own name and need not

---

1. In addition to the eleven claims in this District, Mr. Bell has been active elsewhere. *See Bell v. Hesser,* 2006 WL 1455749 (M.D.Pa., May 23, 2006) (granting defendants' motion for judgment on the pleadings); *Bell v. Bray and Gillespie, LLC,* 2006 WL 923741 (M.D.Fla. Apr. 10, 2006) (requiring Bell to pay opposing party's attorneys' fees in necessitating a motion to compel); *Bell v. United Auto Group. Inc.,* 2006 WL 231572(D.N.J. Jan. 30, 2006) (granting partial summary judgment to defendants and denying Bell leave to replead).

join the trust, there was no indication that Mr. Bell was authorized to do so under the trust instrument. I granted the motion to dismiss but granted Mr. Bell leave to amend to allege the proper basis for his capacity to sue. I noted in my order that a non-lawyer may not represent an artificial entity such as a trust. I advised Mr. Bell in the text of the Order that, because the claims existed in his capacity as trustee, he would be required to have a lawyer admitted to practice in this District file a notice of appearance or the claim would be dismissed for failure to prosecute. (Order of July 6, 2006.)

Thereafter, I received from the Court's *pro se* office Mr. Bell's affidavit dated June 28, 2006 which I did not have at the time of my Order of July 6, 2006. In the submission, Mr. Bell attached an assignment of interests in the contract from Nevera Bank Trust to himself.[2] I treated his affidavit as a motion to reconsider the Order of July 6 and granted it as such. I gave Mr. Bell leave to amend his complaint to reflect his status as assignee of Nevera Bank Trust. In my Order of July 11, 2006, I noted that I was not "aware of any reason why a bona fide assignee may not proceed pro se."

A Third Amended Complaint was filed by Mr. Bell in which he remains the sole plaintiff. He alleges that he is the assignee of "NeverA Bank Trust" and further that at all times relevant, he, Bell, was a merchant, as defined in the Uniform Commercial Code. (Third Amended Complaint, ¶ 3)

In proceedings before Magistrate Judge Gabriel W. Gorenstein to whom the case was assigned for general pretrial purposes, Judge Gorenstein raised the issue of

whether an assignee of a claim belonging to a trust could properly proceed *pro se* and stayed discovery in the action pending a resolution of the issue before the undersigned. I waived the premotion conference requirement to permit the defendants to proceed by motion, as it has now done. Defendants style their motion as a motion to dismiss under Rules 12(b)(1), 12(b)(6) and 17(a), Fed.R.Civ.P. The motion is premised upon their assertion that plaintiff may not proceed *pro se* because he is the assignee of an artificial entity.

## DISCUSSION

██ The Circuit has had occasion to address whether an assignee of an artificial entity may proceed *pro se*. In *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 21 (2d Cir.1983), a corporation had unsuccessfully bid on a contract with the defendant governmental authority. Thereafter, Jones, the sole shareholder and chief executive officer of the corporation, brought suit against the governmental authority on his own behalf and on behalf of the corporation and proceeded *pro se*. *Id.* The defendant moved to dismiss the claims brought by Jones, individually, on the grounds that the claims, if any, belonged to the corporation and the district court granted the motion. *Id.* The Court further ruled that the corporate entity could only be represented by a licensed attorney. *Id.*

Thereafter, Jones moved to amend the complaint to assert that the claim had been assigned to him by the corporation and announced his intention to prosecute that claim *pro se*. *Id.* The district court denied the motion and Jones appealed. The Second Circuit affirmed. It noted

---

2. The assignment purports to be dated less than a month prior to the commencement of the action, although the assignment is not mentioned in the initial complaint or the documents it annexes. Mr. Bell executed the assignment on behalf of himself and also on behalf of the assigning trust.

that by statute an individual has a right to proceed in federal court personally or by counsel. *Id.* at 22 (citing 28 U.S.C. § 1654 (1976)). It also noted "that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*" *Id.* (citing *Shapiro, Bernstein & Co. v. Continental Record Co.,* 386 F.2d 426, 427 (2d Cir.1967) (per curiam)) The Court summarized the reasons that artificial entities are not permitted to proceed *pro se* in federal court:

> In summary, they are principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, *e.g.,* to avoid litigating unfounded or vexatious claims. *See* Model Code of Professional Responsibility DR 7–102(A) (1 & 2) (1976).[3]

The Court went on to observe that "[i]n light of these policy reasons for preventing a lay person from representing a corporation in litigation, the federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual." The Court cited with approval Judge Duffy's decision in *Mercu–Ray Industries, Inc. v. Bristol–Myers Co.,* 392 F.Supp. 16 (S.D.N.Y.), *aff'd mem.,* 508 F.2d 837 (2d Cir.1974), in which he noted that a lay individual who has accepted the benefits of proceeding through an artificial entity ought not be permitted to circumvent, through the vehicle of an assignment, the limitations of entity status. *Id.* at 18–20.

■ A trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust. In *C.E. Pope Equity Trust v. United States,* 818 F.2d 696 (9th Cir.1987), the Ninth Circuit held that a trustee who was not an admitted attorney could not proceed *pro se* in representing the interests of the trust. Judge Haight followed *C.E. Pope Equity Trust* in precluding a trustee from proceeding *pro se* on behalf of a trust. *Advanced Mining Sys. v. Lutin,* 1995 WL 92309 (S.D.N.Y. Mar. 7, 1995). ("Where an individual's position as a trustee casts him in a fiduciary role for others, he cannot as a nonattorney represent the trust.").

The rule in *Jones* that the bar on a nonlawyer's representation of the artificial entity may not be circumvented by assignment to a natural person ought to apply with equal force to an assignment by a trust. Trusts are artificial creatures of state law and often represent a bundle of rights and obligations of the grantor, the trustee and the beneficiaries.

Here, Bell stood ready to invoke his status as "Trustee" or "Successor Trustee" of the NeverA Bank Trust whenever it proved advantageous to him. The "Assignment of Contract of Sale–Motor Vehicle" which is at the heart of the claim was with the NeverA Bank Trust (although "NeverA" is spelled "Nevera," perhaps,

---

**3.** Relying heavily on *Jones,* the Second Circuit recently extended the prohibition on *pro se* representation to a limited liability company of which the would-be *pro se* litigant was the sole member. *See Lattanzio v. COMTA,* 481 F.3d 137 (2d Cir.2007). The prohibition had been extended to an administratrix or executrix of an estate proceeding *pro se* when the estate has beneficiaries or creditors other than the litigant. *See Pridgen v. Andresen,* 113 F.3d 391, 393 (2d Cir.1997).

obscuring an intentional irony in the name). Had Bell been sued in an individual capacity he could have invoked his status as a person separate from the trust. He should not now be permitted to evade the limitations that accompany the settler's status as a trust.

Mr. Bell is not a stranger to the rule that a lay person may not represent an entity. In February 2002, Naki General Investment, L.L.C. commenced an action in this Court represented by an attorney. *Naki General Investment, L.L.C. v. Schaeffer Buick Inc.*, 02 Civ. 0959(SAS). Counsel was granted leave to withdraw because of an alleged threat by Mr. Bell "to slit my f__king throat". (*See* Transcript of April 5, 2002 proceeding before Judge Scheindlin at 2, 5.) Mr. Bell, an officer of the entity, was instructed to retain counsel. When no counsel appeared for the plaintiff entity after repeated opportunities to do so, the action was dismissed. (Order of May 22, 2002 (Docket # 8)) Thereafter Mr. Bell refiled an action in this District styled as *Renzer Bell, doing business as Nakhi General Investment v. Schaeffer Buick, Inc.*, 03 Civ. 10315(PKC). The undersigned did not bar Mr. Bell from proceeding *pro se*, despite what now appears to be a transparent attempt to circumvent Judge Scheindlin's ruling.

The "unusual burdens" on adversaries and the court and the lack of restraint imposed by a governing code of professional responsibility that was of concern to the Court in *Jones* is not an abstract consideration in the case of Mr. Bell. Recently, Judge Sweet dismissed a complaint filed by Bell alleging fraud and fraudulent misrepresentation, malpractice and a violation of the Racketeer Influenced and Corrupt Organizations Act. Judge Sweet denied leave to replead "because there is no need to do so here as Bell presents no arguably

meritorious issue." *Bell v. Hubbert*, 2007 WL 60513, *5 (Jan. 8, 2007). *See also Bell v. Gordon*, 2005 WL 2087822 (S.D.N.Y. Aug.30, 2005) (granting motion to dismiss for lack of subject matter jurisdiction); *Bell v. Classic Auto Group, Inc.*, 2005 WL 659196 (S.D.N.Y. Mar. 21, 2005) (granting motion to dismiss on grounds of improper venue).

I have considered Mr. Bell's other assertions, including that he should be exempted from any prohibition on personally representing himself on a claim assigned from a trust because he is without resources to retain an attorney. *Cf. Jones*, 722 F.2d at 22 n. 3. I note that this is a commercial dispute and, in his pleading, Mr. Bell does not seek to vindicate a deprivation of a constitutional or statutory right. He makes no showing that the trust, prior to the eve of litigation assignment, was without resources to retain a lawyer. Indeed, Mr. Bell had been initially able to retain a lawyer five years ago in the *Nakhi* case before Judge Scheindlin but that lawyer successfully sought leave to withdraw under the unpleasant circumstances described above.

This Circuit teaches that a *pro se* litigant is entitled to "special solicitude" throughout the course of prosecuting or defending a claim. *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir.2006). There is nothing about this contract dispute over the sale of a Ferrarri that warrants the extension of "special solicitude" to the assignee of a purported bank trust.

### CONCLUSION

The defendants have not demonstrated any basis to grant their motion to dismiss the complaint and their motion is denied. However, Renzer Bell, the assignee of NeverA Bank Trust, may not proceed with the claim unless represented by an attorney admitted to practice before this Court. I will continue the stay of discovery en-

tered by Judge Gorenstein until June 1, 2007 in order to permit Mr. Bell to retain a lawyer to represent him in this lawsuit.

RENZER BELL IS ADVISED THAT HE MAY APPEAR IN THIS ACTION ONLY BY A LAWYER WHO IS ADMITTED TO PRACTICE BEFORE THIS COURT. IF A NOTICE OF APPEARANCE BY AN ADMITTED LAWYER IS NOT FILED BY JUNE 1, 2007, THE DEFENDANTS MAY FILE A MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND THE PREMOTION CONFERENCE REQUIREMENT IS WAIVED FOR THIS PURPOSE. IF THE ACTION IS DISMISSED, THEN THE LAWSUIT WILL BE OVER AND RENZER BELL WILL TAKE NOTHING.

SO ORDERED.

## APPENDIX A

| | |
|---|---|
| 03–cv–10315–PKC–FM | Bell v. Schaeffer Buick BMW, Inc. et al. |
| 04–cv–00693–PKC | Bell v. Classic Chevrolet/Buick and BMW, Inc. et al. |
| 04–cv–09733–RWS | Bell v. Zavell et al. |
| 05–cv–02163–NRB | Bell v. Gordon et al. |
| 05–cv–07182–LTS–RLE | Bell v. Stephens et al. |
| 05–cv–10456–RWS | Bell v. Hubbert et al. |
| 06–cv–00470–JGK | Bell v. Gotham Process Service, Inc. et al. |
| 06–cv–00472–PKC–GWG | Bell v. South Bay European Corp. et al. |
| 06–cv–04972–GBD | Bell v. Manhattan Motorcars, Inc. et al. |
| 06–cv–04974–LBS–DFE | Bell v. Carlsen Motors Cars, Inc. et al. |
| 06–cv–05742–KMK | Bell v. Brace Engineering and Investment Corp. et al. |