In re James Ronald **SHATTUCK**, officer, director, shareholder of Construction Specialists; officer, director, shareholder of Reflections Autowash, LLC; officer, director, shareholder of Sandstone Ridge Properties, LLC; officer, director, shareholder of Plan 4 Design, LLC, and Cynthia Joy Shattuck, also known as Cindy Shattuck, Debtors.

James Ronald Shattuck and Cynthia Joy Shattuck, Appellants,

v.

Larry Bondurant, Reflections Autowash, LLC, Integra Holdings, LLC, a Connecticut Limited Liability Company, and Prospera, LLC, a Connecticut Limited Liability Company, Appellees.

BAP No. CO–08–073.
Bankruptcy No. 08–11329–SBB.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

July 29, 2009.

Stephen E. Berken and Stephen S. Chang of the Law Offices of Stephen Berken, Denver, CO, for Appellants.

Jan L. Hammerman, Centennial, CO, for Appellee Larry Bondurant.

Before CORNISH, Chief Judge, BOHANON and RASURE, Bankruptcy Judges.

## OPINION

RASURE, Bankruptcy Judge.

Appellants James Ronald Shattuck and Cynthia Joy Shattuck (the "Shattucks") appeal the order granting the motion to dismiss their Chapter 13 case filed by Appellee Larry Bondurant ("Mr.Bondurant"), the state court appointed receiver for Reflections Autowash, LLC, an entity in which Mr. Shattuck was the sole member (the "LLC"). After an evidentiary hearing, the bankruptcy court concluded that the Shattucks' noncontingent, liquidated, unsecured debt exceeded the statutory Chapter 13 eligibility limits provided in Section 109(e) of the Bankruptcy Code. Because we conclude that Mr. Bondurant's motion should have been stricken because Mr. Bondurant, who was acting in a representative capacity for the receivership estate of the LLC, is not licensed to practice

law, we REVERSE the order of dismissal and REMAND for further proceedings.[1]

## I. BACKGROUND

On February 6, 2008, the Shattucks filed for relief under Chapter 13 of the Bankruptcy Code. After failing to achieve confirmation of their first plan, the Shattucks filed an Amended Chapter 13 Plan.[2] The bankruptcy court scheduled a confirmation hearing on the Amended Chapter 13 Plan for June 4, 2008.[3] On May 28, 2008, Mr. Bondurant filed (1) an Objection to Confirmation of the Chapter 13 Plan and (2) a Motion to Dismiss Chapter 13 Petition Pursuant to 11 U.S.C. 109(e).[4] On May 29, 2008, Prospera, LLC ("Prospera") and Integra Holdings, LLC ("Integra") filed a Joinder in Objection to Confirmation of Chapter 13 Plan Pursuant to 11 USC Sections 1322 & 1325.[5]

On June 3, 2008, the Shattucks filed a Motion to Strike Objection ("Motion to Strike"), asserting that because Mr. Bondurant was not a licensed attorney, he had no authority to file pleadings on behalf of the LLC.[6] In the Motion to Strike, the Shattucks cited Rule 11.1(A) of the Local Civil Rules of the United States District Court of Colorado, which provides that "[o]nly *pro se* individual parties and members of this court's bar may appear or sign pleadings, motions, or other papers. Any pleading, motion, or paper listing in a signature block … by, any other person, partnership, professional corporation, limited liability company, or other entity may be stricken." [7]

On June 4, 2008, the bankruptcy court convened the confirmation hearing. Neither Mr. Bondurant nor counsel for Prospera and Integra appeared to prosecute their objection to confirmation. The bankruptcy court held a status conference and continued the hearing to confirm the existing plan, or any subsequently filed plan, to July 23, 2008. The court also set the Shattucks' Motion to Strike and Mr. Bondurant's motion to dismiss for hearing on the same date, and required the parties to file and exchange exhibit and witness lists by July 18, 2008.[8]

In his response to the Motion to Strike, filed on June 6, 2008, Mr. Bondurant asserted that he was appointed as receiver for the LLC by the state court, that he "was appointed to be the Receiver as an individual," and as an individual, he believed he had the authority to represent himself *pro se.*[9] He further stated that

1. The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

2. *Docket Entry* (hereinafter "*Doc.*") 44, *in* Appendix to Appellants' Opening Brief ("Appendix") at 11. The Appendix submitted by the Shattucks does not contain a copy of the Amended Chapter 13 Plan. The bankruptcy court's docket report (which is contained in the Appendix) indicates that an Amended Chapter 13 Plan was filed, but the Court has no knowledge whether the docket entry is accurate, or of the content of the pleading. This is the state of affairs in each instance where the Court refers herein to an event solely by a docket entry.

3. Doc. 45, *in* Appendix at 11.

4. Docs. 48 and 49, respectively, *in* Appendix at 11.

5. Doc. 50, *in* Appendix at 11.

6. Appendix at 18–19.

7. D.C. Colo. L. Civ. R. 11.1(A) (2008).

8. *June 4, 2008, Minutes of Proceeding, in* Appendix at 21–22.

9. *Reply to Motion to Strike, in* Appendix at 24–25.

the LLC did not have funds to hire an attorney, and that if the LLC was required to obtain counsel, he requested a period of thirty days after the order granting the Motion to Strike in which to secure such counsel.[10]

On June 19, 2008, the Shattucks filed a third amended Chapter 13 Plan,[11] which again drew an objection from Mr. Bondurant,[12] with Prospera and Integra joining in Mr. Bondurant's objection.[13] Mr. Bondurant also filed a fresh Motion to Dismiss Chapter 13 Petition Pursuant to 11 USC 109(e) ("Motion to Dismiss"),[14] which was joined by Prospera and Integra.[15] In the Motion to Dismiss, Mr. Bondurant asserted that the Shattucks' "unliquidated [sic] and contingent [sic] debt is in excess of $800,352.53, which exceeds the statutory limit of $336,900 for Chapter 13 relief provided under 11 USC 109(e)." [16] On July 18, 2008, the Shattucks and Mr. Bondurant filed witness and exhibit lists in compliance with the bankruptcy court's order.

At the hearing held on July 23, 2008, counsel for the Shattucks argued that the issue of the Shattucks' eligibility to file Chapter 13, raised by Mr. Bondurant's Motion to Dismiss, was not properly before the court because Mr. Bondurant, as a non-lawyer representative of the receivership estate of the LLC, had no authority to file the motion, a witness list, or an exhibit list, or to elicit and present evidence in support of the motion.[17] Although Prospera and Integra filed a joinder in Mr. Bondurant's Motion to Dismiss, their counsel had not filed a witness or exhibit list, and thus Prospera's and Integra's counsel was not prepared to offer any evidence in support of Mr. Bondurant's motion or their joinder.[18]

At the hearing, Mr. Bondurant admitted that he was not an attorney and advised the bankruptcy court: "I am appearing *pro se.* I was appointed by the ... Adams County District Court, individually, as a receiver for Reflections Autowash, LLC" in connection with a lawsuit filed against Mr. Shattuck and the LLC by Prospera and Integra.[19] After inquiring about Mr. Bondurant's background and experience, the bankruptcy court concluded that Colorado District Court Local Civil Rule 11.1(A) granted the court discretion to allow a non-lawyer to file pleadings and appear in court on behalf of an entity, and further concluded that the circumstances in this case justified permitting Mr. Bondurant to do so.[20]

Mr. Bondurant presented an opening statement, called and examined his three witnesses, obtained the admission of six exhibits, and made a closing legal argument, all on behalf of the receivership

---

10. *Id., in* Appendix at 24–25.

11. Doc. 69, *in* Appendix at 8.

12. *Objection to Confirmation of Chapter 13 Plan Pursuant to 11 USC 1322 & 1325* and *Exhibits, in* Appendix at 79–130.

13. Doc. 85, *in* Appendix at 6.

14. *Motion to Dismiss* and *Exhibits, in* Appendix at 27–78.

15. Doc. 85, *in* Appendix at 6.

16. *Motion to Dismiss, in* Appendix at 27. This Court assumes that Mr. Bondurant meant the Shattucks "liquidated and noncontingent" debt exceeded the statutory limits.

17. *Transcript of Evidentiary Hearing of July 23, 2008 ("Tr."),* at 7–9, *in* Appendix at 139–41.

18. *Tr.* at 28, *in* Appendix at 160.

19. *Tr.* at 15, *in* Appendix at 147–48.

20. *Tr.* at 21–22, *in* Appendix at 153–54.

estate of the LLC.[21] Counsel for Prospera and Integra presented an opening statement and closing arguments based on evidence from witnesses and exhibits presented by Mr. Bondurant, and conducted limited examination of Mr. Bondurant's witnesses.

In its oral ruling on the Motion to Dismiss, the bankruptcy court tentatively revisited its ruling on the Motion to Strike, but solely to point out that its decision to allow Mr. Bondurant to proceed was "not the wisest decision" because the quality of Mr. Bondurant's pleadings and presentation of evidence reflected his lack of legal education and experience.[22] However, the court did not strike Mr. Bondurant's Motion to Dismiss or his presentation of evidence or legal argument. The court ultimately concluded from the exhibits introduced by Mr. Bondurant and the testimony elicited from Mr. Bondurant's witnesses that the Shattucks owed noncontingent, liquidated, unsecured debt exceeding $336,900–the maximum amount of such debt allowed in order to be eligible to file under Chapter 13.[23] An Order Dismissing Chapter 13 Prior to Confirmation of Plan was entered on July 25, 2008,[24] which the Shattucks timely appealed.

The issues presented on appeal are (1) whether the bankruptcy court erred in permitting Mr. Bondurant to file and prosecute the Motion to Dismiss on behalf of the receivership estate of the LLC and (2) whether the bankruptcy court erred in determining that the Shattucks' noncontingent, liquidated, unsecured debt exceeded the limits of Section 109(e).

## II. APPELLATE JURISDICTION

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit unless one of the parties elects to have the district court hear the appeal.[25] The order dismissing the Shattucks' Chapter 13 case is a final order. Neither party elected to have this appeal heard by the United States District Court for the District of Colorado. The parties have therefore consented to appellate review by this Court.

## III. STANDARD OF REVIEW

Whether the bankruptcy court possessed discretion to allow Mr. Bondurant to file and litigate the Motion to Dismiss on behalf of the receivership estate of the LLC is an issue of law that is reviewed *de novo*.[26] If the bankruptcy court had such discretion, the Court will review the decision to allow Mr. Bondurant to represent the interests of the estate of the LLC for an abuse of discretion.[27] A bankruptcy court's interpretation of Section 109(e) is

---

21. *Tr., in* Appendix at 133–240.

22. *July 25, 2008, Transcript of Court's Oral Ruling Re: Motion to Dismiss, in* Supplemental Appendix to Appellant's Opening Brief at 4.

23. *Id.* at 7–9.

24. Appendix at 131.

25. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8001; 10th Cir. BAP L.R. 8001–1.

26. *See Sender v. Johnson (In re Hedged–Invs. Assocs., Inc.)*, 84 F.3d 1267, 1268 (10th Cir. 1996).

27. *See Moothart v. Bell*, 21 F.3d 1499, 1504–05 (10th Cir.1994) (lower court entitled to deference unless it made "a clear error of judgment or exceeded the bounds of permissible choice in the circumstances") (internal quotation marks omitted).

reviewed *de novo*.[28] Finally, a bankruptcy court's findings of fact with respect to the amount of a debtor's noncontingent, liquidated, unsecured debt is reviewed for clear error.[29]

## IV. DISCUSSION

 This Court concludes that the bankruptcy court did not have discretion to allow Mr. Bondurant to appear for and practice law on behalf of the receivership estate of the LLC. Section 1654 of Title 28 of the United States Code provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."[30] This provision allows an individual to represent his or her own interests before a court, but it is well settled that a lay person may not represent the rights or interests of anyone else. Moreover, the statute does not permit artificial entities, such as corporations, partnerships, associations, limited liability companies, trusts or estates, to prosecute or defend in a federal court except through an attorney that is licensed and admitted to practice in that particular court.

It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to *all artificial entities*. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.[31]

Mr. Bondurant asserts that he was appointed as receiver by the Adams County District Court as an "individual." Nothing in the record, however, suggests that Mr. Bondurant, as an individual, had any personal claim against the Shattucks or their estate, or that he was exclusively advocating his own personal rights and interests. Clearly, in filing and prosecuting the Motion to Dismiss, Mr. Bondurant was acting

---

28. *See, e.g., In re Adams*, 373 B.R. 116, 119 (10th Cir.BAP2007).

29. *See Sender*, 84 F.3d at 1268.

30. 28 U.S.C. § 1654.

31. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (citations and footnotes omitted) (emphasis added). In *Rowland*, the United States Supreme Court interpreted the word "persons" in 28 U.S.C. § 1915 (providing that persons may appear *in forma pauperis, i.e.,* without paying the required court fees) to mean only persons who have the "legal capacity to appear before a court without being represented by professional counsel ..., and likewise [enjoy] the capacity to litigate without counsel if the court chooses to provide none[.]" *Id.* at 201, 113 S.Ct. 716. Consequently, the Court held that an unincorporated association was not entitled to *in forma pauperis* status under Section 1915 because it was not a natural person that had "legal capacity" to appear without counsel pursuant to 28 U.S.C. § 1654. *See also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir.1993) (entering default judgment against corporate defendant whose sole shareholder appeared and failed to retain counsel for the corporation was appropriate, citing 28 U.S.C. § 1654); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305 (2d Cir.1991) (and cases cited therein) (same result against a partnership, as non-attorney partner could not appear and defend the partnership under 28 U.S.C. § 1654); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir.1962) (corporation's president was not entitled to file any pleadings on behalf of the corporation; "[t]he rule is well established that a corporation can appear in a court of record only by an attorney at law").

in a representative capacity on behalf of the receivership estate of the LLC, and by extension, on behalf of creditors of that estate. A limited liability company is an artificial entity that cannot appear in federal court except through licensed counsel.[32]

■ Mr. Bondurant also argues that his position as receiver is more analogous to that of a trustee of an estate. However, a trustee that is not a licensed attorney likewise lacks the legal capacity to appear and represent an estate (an artificial entity) in federal court.[33] A trustee "is not the actual beneficial owner of the claims being asserted, [and therefore] cannot be viewed as a 'party' conducting his 'own case personally' within the meaning of Section 1654."[34]

Mr. Bondurant further argues that because he is authorized under Rule 66 of the Colorado Rules of Civil Procedure ("Rule 66") to appear in state court on behalf of the receivership estate "as an officer of the court," he is likewise an "officer of the court" in federal proceedings.[35] Rule 66 requires that a receiver take an oath that he will "faithfully discharge his duties and will pay over and account for all money and property which may come into his hands as the court may direct, and will obey the orders of the court therein."[36] Rule 66 makes the receiver accountable to the state court that appointed the receiver. It does not authorize the receiver to practice law on behalf of the receivership estate in federal court.[37]

**32.** *See United States v. Hagerman,* 545 F.3d 579, 581 (7th Cir.2008) (appeal advanced by non-lawyer member of limited liability company on behalf of the entity dismissed); *Harrison v. Wahatoyas, L.L.C.,* 253 F.3d 552 (10th Cir.2001). In *Harrison,* the Tenth Circuit Court of Appeals stated, in connection with the argument that the notice of appeal was ineffective because it was filed by a non-lawyer member on behalf of the limited liability company, that "[a]s a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer[.]" *Id.* at 556. The Tenth Circuit held, however, that because the notice of appeal was not a motion or pleading, but rather simply a notice, and because all the subsequent legal representation was performed by a licensed attorney who formally entered an appearance in the case, the notice was not deficient. *Id.* at 557. This apparent narrow exception established by the *Harrison* case is not applicable in this case, as Mr. Bondurant filed substantive pleadings, appeared at trial, made an opening statement, examined witnesses, obtained admission of exhibits, and made legal argument, all on behalf of an artificial entity.

**33.** *See Pridgen v. Andresen,* 113 F.3d 391, 393 (2d Cir.1997) (non-attorney executrix of probate estate was not permitted to appear *pro se*

to defend estate against claims made in federal litigation because the estate had creditors and beneficiaries other than the executrix and she would be advocating the rights of others in violation of 28 U.S.C. § 1654); *Knoefler v. United Bank of Bismarck,* 20 F.3d 347, 347–48 (8th Cir.1994) (non-lawyer trustee lacked the legal capacity to represent the trust); *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697–98 (9th Cir.1987) (non-attorney trustee had no authority to appear as attorney for trust); *Bell v. S. Bay European Corp.,* 486 F.Supp.2d 257, 259 (S.D.N.Y.2007) (trusts are "artificial creatures of state law" that cannot appear in court through lay persons); *Alpha Land Co. v. Little,* 238 F.R.D. 497, 502 (E.D.Cal.2006) (action brought by non-attorney trustee on behalf of trust was dismissed for lack of standing).

**34.** *C.E. Pope Equity Trust,* 818 F.2d at 697–98.

**35.** Appellee's Brief at 6.

**36.** Colo. R. Civ. P. 66(b).

**37.** *See, e.g., C.E. Pope Equity Trust,* 818 F.2d at 698 (state statute that could arguably be interpreted to allow a trustee to act on behalf of a trust in state courts did not control practice in federal courts).

The bankruptcy court interpreted the Colorado District Court's Local Civil Rule 11.1(A) ("Local Rule 11.1(A)") as granting the court discretion to allow Mr. Bondurant's pleadings to stand and to permit Mr. Bondurant to litigate their merits.[38] This Court does not interpret the local rule to permit such discretion. Local Rule 11.1(A) provides that only *pro se* "individual" parties (*i.e.*, natural persons) and members of the court's bar may appear in court. As established above, Mr. Bondurant, himself, did not have a claim against the Shattucks or their bankruptcy estate; he appeared not as an "individual" but on behalf of the receivership estate of the LLC.

■ Moreover, local rules that conflict with or are inconsistent with federal statutes or rules of practice or procedure established by the United States Supreme Court are invalid.[39] Thus, if Local Rule 11.1(A) does grant the bankruptcy court discretion to permit a lay person to represent an artificial entity in court, the local rule is invalid, and the bankruptcy court was mandated to follow the established law interpreting 28 U.S.C. § 1654, which prohibits such representation. However, this Court believes that Local Rule 11.1(A) is consistent with 28 U.S.C. § 1654, as it, like the statute, limits self-representation to "individuals."

## V. CONCLUSION

■ Requests for relief filed on behalf of an artificial entity by anyone other than a licensed attorney must be dismissed.[40] The Shattucks were entitled to an order striking Mr. Bondurant's Motion to Dismiss and all other pleadings filed by Mr. Bondurant, including his witness and exhibit lists. Moreover, Mr. Bondurant should not have been permitted to appear in federal court to actively litigate the Motion to Dismiss on behalf of the receivership estate of the LLC. Although Prospera and Integra joined Mr. Bondurant's

38. Rule 11.1(A) of the Local Civil Rules of the United States District Court of Colorado provides that "[o]nly *pro se* individual parties and members of this court's bar may appear or sign pleadings, motions, or other papers. Any pleading, motion, or paper listing in a signature block ... by, any other person, partnership, professional corporation, limited liability company, or other entity may be stricken."

39. *See* 28 U.S.C. § 2071(a) (local rules must be "consistent with Acts of Congress" and rules established by the Supreme Court); Fed. R.Civ.P. 83(a) (local rules must be "consistent with" federal statutes and the Federal Rules of Procedure). *See also Wingo v. Wedding*, 418 U.S. 461, 472–73, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974) (local rule was invalid to the extent it conflicted with a federal statute) (holding *superseded on other grounds* when relevant statute was amended in response to *Wingo*).

40. *See, e.g., United States v. Hagerman*, 545 F.3d 579, 582 (7th Cir.2008) (appeal brought by member on behalf of LLC dismissed); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347–48 (8th Cir.1994) (appeal brought by non-lawyer trustee dismissed); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir.1987) (affirmed lower court's dismissal of suit initiated by non-lawyer trustee of trust); *Res. Air, Inc. v. Kempthorne*, 589 F.Supp.2d 1, 8 (D.D.C.2008) (claim of plaintiff corporation that could not afford to retain counsel was dismissed); *Multi Denominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales*, 474 F.Supp.2d 1133, 1141 (N.D.Cal.2007) (all non-profit corporation's claims for alleged violation of First Amendment and religious freedom rights were dismissed with prejudice where plaintiff's lay representatives were unwilling to obtain counsel for the corporation); *Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D.Cal.2006) (quiet title action brought by non-lawyer on behalf of trust was dismissed for lack of standing). *See also Roscoe v. United States*, 134 Fed.Appx. 226, 227 (10th Cir.2005) (appellate court refused to consider arguments filed by lay members on behalf of LLC, and dismissed LLC's appeal).

motion, because Mr. Bondurant lacked the legal capacity to file the motion, it was *ultra vires* and thus there was no legitimate motion to join. Further, Prospera and Integra's counsel did not file a witness or exhibit list; [41] he stated that he "merely ... joined in Mr. Bondurant's motion," had filed no other pleadings, and was not planning (or entitled) to present evidence in support of the Motion to Dismiss on behalf of Prospera or Integra.[42]

Because the Motion to Dismiss and the evidence and argument presented by Mr. Bondurant at the hearing thereon should have been stricken, and is hereby stricken, this Court cannot reach the merits of the second issue on appeal, whether the bankruptcy court correctly tallied the amount of noncontingent, liquidated, unsecured debt for the purposes of Section 109(e). The Order Dismissing Chapter 13 Prior to Confirmation of Plan is REVERSED and the matter is REMANDED to the bankruptcy court for further proceedings.

---

**41.** *Tr.* at 8, *in* Appendix at 140.

**42.** *Tr.* at 28, *in* Appendix at 160.