NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO VALLEJO, AKA Juan Vallejo, | No. 16-15340 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-01207-DKD |
| v. | |
| AZTECA ELECTRICAL CONSTRUCTION INCORPORATED; et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
David K. Duncan, Magistrate Judge, Presiding[**]

Submitted August 9, 2017[***]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Defendants Carlos Valencia Yado, Patricia Yado, and Azteca Electrical

Construction Incorporated ("Azteca"), appeal pro se from the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in favor of Julio Vallejo awarding damages in Vallejo's action against them to recover unpaid wages under federal and state law. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a damages award. *Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1318 (9th Cir. 1997). We affirm.

The district court did not abuse its discretion in awarding double damages because there was no basis for failing to pay Vallejo's wages. *See Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 874 P.2d 982, 984-86 (Ariz. Ct. App. 1994) (explaining that treble damages are allowed for unpaid wages under Arizona law and that "[w]ithholding wages is forbidden unless there is a reasonable good faith dispute as to the amount of wages owed" (citation, brackets, and internal quotation marks omitted)). We reject as meritless the Yados' contentions that the in pari delicto or unclean hands defenses barred recovery.

We reject as unsupported by the record the Yados' contentions that the district court failed to enter exhibits or acted improperly regarding objections during trial.

We do not consider documents that were not presented to the district court, or matters not specifically and distinctly raised and argued in the opening brief.

16-15340

*See Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 594-95 (9th Cir. 2002); *see also Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We dismiss Azteca's appeal because no attorney has entered an appearance in this court on behalf of Azteca, and Carlos Yado, a non-attorney, may not represent Azteca. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("[C]orporations and other unincorporated associations must appear in court through an attorney." (citation and internal quotation marks omitted)); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." (citation omitted)).

Azteca's motions to proceed in forma pauperis (Docket Entry Nos. 3, 12, 14) are denied as moot.

**AFFIRMED.**