NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SATISH SHETTY,<br><br>                Plaintiff-Appellant,<br><br>  v.<br><br>SUNTRUST MORTGAGE, INC.; et al.,<br><br>                Defendants-Appellees. | No. 13-56700<br><br>D.C. No. 8:13-cv-00820-AG-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Satish Shetty appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims relating to a mortgage loan on real property allegedly transferred to him by the borrower after foreclosure. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

state a claim under Federal Rule of Civil Procedure 12(b)(6), and we may affirm on an basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Shetty's Fair Debt Collection Practices Act claim was proper because Shetty failed to allege facts sufficient to show that he has standing to prosecute the claim on behalf of the third-party borrower. *See Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273-74, 89-90 (2008) (elements of Article III standing; prudential standing requires that a party must assert its own legal rights and may not assert the legal rights of another).

The district court did not abuse its discretion by denying Shetty leave to file a Second Amended Complaint because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend can be denied if amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

13-56700