NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COMERICA BANK,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>MARK SCHNIZLEIN, DBA Westbrook Builders LLC,<br><br>    Defendant-Appellant,<br><br> and<br><br>MY ANGELS GIFTS LLC; et al.,<br><br>    Defendants. | Nos. 21-15019<br>    21-15380<br><br>D.C. No. 2:20-cv-00816-CDB<br><br>MEMORANDUM[*] |

Appeals from the United States District Court
for the District of Arizona
Camille D. Bibles, Magistrate Judge, Presiding[**]

Submitted August 17, 2022[***]

Before: S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

———————————

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

  [***]  The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In these consolidated appeals, Mark Schnizlein appeals pro se from the district court's judgment in an interpleader action brought by Comerica Bank. We have jurisdiction under 28 U.S.C. § 1291. We dismiss as moot.

After Schnizlein filed these appeals, Comerica Bank deposited the entire interpleader stake with the clerk of the district court. Therefore, to the extent that Schnizlein's appeals concern the district court's orders regarding Comerica Bank's deposit of the interpleader stake, this appeal is moot. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." (citation and internal quotation marks omitted)); *Am. Cas. Co. of Reading, Pa. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) (a case is moot when there is no longer a present controversy as to which effective relief can be granted).

Contrary to Schnizlein's contentions, he is not entitled to damages or interest based on Comerica Bank's handling of the interpleader stake because the parties agreed that My Angels Gifts LLC, which did not appear in this action, is the proper claimant to the entire interpleader stake. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a pro se litigant has no authority to appear as an attorney for others).

We reject as meritless Schnizlein's contention that he is entitled to attorney's

fees and sanctions.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**DISMISSED.**