NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TEVIS ROBERT IGNACIO, on behalf of all (et al),

Plaintiff - Appellant,

v.

LELAND DUDEK, Acting Commissioner of Social Security,

Defendant - Appellee.

No. 23-2872

D.C. No. 3:23-cv-00864-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernández, District Judge, Presiding

Submitted March 17, 2025[**]

Before:    CANBY, R. NELSON, and FORREST, Circuit Judges.

Tevis Robert Ignacio appeals pro se from the district court's judgment dismissing his action relating to Social Security retirement benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Ignacio's action because Ignacio failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also* 20 C.F.R. § 404.311(a) (explaining when Social Security retirement benefits begin). The district court properly denied Ignacio's request to bring a class action because, as a pro se litigant, Ignacio has no authority to represent anyone other than himself. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**